IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THOMAS JEFFREY STONE, 671904, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:07-CV-482-G |
| | ) |     (Consolidated with |
| NATHANIEL QUARTERMAN, Director, Texas | ) |     3:07-CV-483-G) |
| Dept. Of Criminal Justice, Correctional | ) | ECF |
| Institutions Division, | ) | |
|     Respondent. | ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

## PROCEDURAL BACKGROUND

This is a habeas corpus proceeding brought under 28 U.S.C. § 2254. Petitioner is in the custody of the Texas Department of Criminal Justice - Institutional Division.

On January 16, 1994, Petitioner was convicted robbery and sentenced to twenty-five years confinement. *State of Texas v. Thomas Jeffrey Stone*, Nos. F94-01147-NJ and F94-01148-NJ (3rd Crim. Dist. Ct., Dallas County, Tex., Jan. 16, 1994).

In this case, Petitioner challenges the revocation of his parole. Petitioner filed a state habeas application challenging the revocation. That state application is currently pending. (Motion for Clarification at 2-3).

## EXHAUSTION OF STATE COURT REMEDIES

A petitioner must fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b). This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir. 1990); *Bautista*, 793 F.2d at 110.

On April 9, 2007, Petitioner filed correspondence stating that this case was mistakenly filed. On April 23, 2007, the Court sent Petitioner a Magistrate Judge's Questionnaire asking Petitioner whether he intended to voluntarily dismiss this action. On April 25, 2007, Petitioner filed a Motion for Clarification. In his motion he asks the Court whether he should seek a stay of this action, or seek a voluntary dismissal. The Court, however, is unable to provide legal advice. The Court notes that a District Court has discretion to stay a mixed habeas petition "only in the limited circumstances" where there is "good cause" for the Petitioner's failure to exhaust his claims, his unexhausted claims are potentially meritorious, and he has not engaged in abusive litigation tactics or intentional delay. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

In this case, Petitioner has not shown good cause for his failure to exhaust his state remedies. Petitioner states that he mistakenly filed this action prior to exhausting his claims. Petitioner has therefore failed to show that he is entitled to a stay.

Petitioner states that his state application for writ of habeas corpus is currently pending. He has therefore not exhausted his state court remedies. Although the terms of § 2254(b)(2) provide that an application for a writ of habeas corpus may be denied on the merits notwithstanding the applicant's failure to exhaust his state court remedies, complete exhaustion assists the federal courts in their review because federal claims that have been fully exhausted in state courts will necessarily be accompanied by a more complete factual record. *See Rose v. Lundy,* 455 U.S. 509, 518-19 (1982).

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court dismiss the habeas corpus petition without prejudice for failure to exhaust state court remedies.

Signed this 30th day of July, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

The United States District Clerk shall serve a copy of these findings and recommendations on Petitioner. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).